756 F.2d 70
 James C. DIXON and Barbara Dixon, Appellants,
v.
Ronald P. JENSEN, individually and in his capacity as
criminal investigative police officer, for the
City of North Platte, Nebraska, Appellee.
Martin J. Gutschenritter, individually and in his capacity
as Chief of Police of the Police Department of the City of
North Platte, Nebraska; The City of North Platte, Nebraska,
a municipal corporation.
 No. 84-1880.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Dec. 27, 1984.
Decided March 4, 1985.
 
 James E. Harris, Omaha, Neb., for appellants.
 Frank E. Piccolo and David W. Pederson, North Platte, Neb., for appellee.
 Before HEANEY, BRIGHT and ROSS, Circuit Judges.
 PER CURIAM.
 
 
 1
 James C. and Barbara Dixon appeal from an order of the district court[1] entered upon a jury verdict in favor of Ronald P. Jensen, Martin Gutschenritter and the City of North Platte, Nebraska. We affirm.
 
 
 2
 In February 1981 James Dixon entered into contracts with several residents of North Platte, Nebraska, to place advertisements for their businesses on display boards, which were to be located in lobbies of three motels. When the boards did not arrive as promised and after unsuccessful attempts to reach Dixon to resolve the problem, on June 5, 1981, one of the business owners filed a complaint with the North Platte police department.
 
 
 3
 The case was referred to detective Jensen. On instructions from his superior, Jensen investigated the case as a theft by deception, a felony offense. In the course of the investigation, Jensen talked with the other businesses that had ordered advertisements, telephoned or visited the motels to determine whether the boards had arrived, and attempted to reach Dixon.
 
 
 4
 In the early summer of 1981 Jensen discussed the case with a deputy county attorney. Exercising his own discretion, the county attorney filed a complaint against Dixon for theft by deception and applied for an arrest warrant. In April, 1982 Dixon was arrested and jailed in Indiana. About a month later he was extradited to Nebraska where he was placed in jail. Because he was unable to satisfy the bail, Dixon remained in jail until his preliminary hearing on July 14, 1982.
 
 
 5
 Several days before the preliminary hearing, Jensen learned that the boards had been delivered to two of the motels. On July 12 Jensen made the county attorney's office aware that the boards had arrived. The county attorney, nonetheless, decided to proceed with the prosecution of Dixon on the theft by deception charge. After the preliminary hearing, a judge dismissed the case for lack of probable cause.
 
 
 6
 Appellants then filed an action pursuant to 42 U.S.C. Sec. 1983 against Jensen, his chief of police, Martin Gutschenritter, and the City of North Platte and a pendent state tort claim against Jensen for false arrest and malicious prosecution. After a jury trial, a verdict was returned in favor of appellees.
 
 
 7
 On appeal appellants argue that the district court erred by failing to strike Jensen's trial testimony because that testimony differed materially from his testimony at the preliminary hearing and at a March 1984 deposition. It has been held that where a party "without reasonable explanation, testifies to facts materially different concerning a vital issue than had previously been testified to by him under oath in another action, the change clearly being made to meet the exigencies of the pending action, the evidence is discredited as a matter of law...." Solomon Dehydrating Co. v. Guyton, 294 F.2d 439, 441-42 (8th Cir.) (quoting Gohlinghorst v. Ruess, 146 Neb. 470, 20 N.W.2d 381 (1945)), cert. denied, 368 U.S. 929, 82 S.Ct. 366, 7 L.Ed.2d 192 (1961). We have carefully reviewed the record. Our further statement in Solomon Dehydrating Co., is fully applicable in this case: "Any disparity in testimony here ... is not of that degree of offensiveness which requires disbelief as a matter of law ... [I]t is of the nature and kind so often encountered in the normal give and take of a vigorously contested lawsuit...." 294 F.2d at 443.
 
 
 8
 We also reject appellants' argument that the district court abused its discretion in failing to grant relief under Fed.R.Civ.P. 60(b) because Jensen allegedly suborned perjury of three witnesses. The district court correctly found that appellants' "bare allegations that the changes in testimony were caused by a visit from ... Jensen shortly before the trial does not establish obstruction of justice or subornation of perjury."
 
 
 9
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable C. Arlen Beam, United States District Judge for the District of Nebraska